# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| MARK GYVES, §<br>*Plaintiff,* §<br>§<br>§<br>V. §<br>§<br>CITY OF HOUSTON, §<br>*Defendant.* §<br>§ | | **CIVIL ACTION NO.:**<br><br>**DEMAND FOR JURY TRIAL** |

**PLAINTIFF'S ORIGINAL VERIFIED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND APPLICATION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff, Mark Gyves ("Capt. Gyves" or "Plaintiff"), seeking declaratory and injunctive relief against Defendant, City of Houston, ("City" and/or "Defendant") regarding Defendant's actions in grossly violating Plaintiff's constitutional rights, and respectfully shows the Court the following:

## I.
## INTRODUCTION

1. Plaintiff, an airline captain for a domestic United States air carrier, brings this action to enjoin Defendant's permanent, lifetime suspension of access rights at all Houston Airport System airports, and its failure to provide constitutionally adequate and minimally sufficient due process of law to Plaintiff. Defendant has also adopted and implemented policies that unconstitutionally attempt to prohibit Plaintiff's right to appeal. Such policies are in violation of the Fourteenth Amendment to, and other sections of, the U.S. Constitution.

1

## II.
## PARTIES

2. Plaintiff, Captain Mark Gyves, is an individual residing at 1921 Winslet Place, Apt. 3C, Indianapolis, Indiana 46217.

3. Defendant, City of Houston, is a Home-Rule city and unit of government organized and existing under the laws of the State of Texas. Defendant is and was at all relevant times mentioned herein, responsible for the policies, procedures, rules, regulations and practices of the Houston Airport System ("HAS") and the actions and/or inactions of its employees and agents. HAS operates Houston Intercontinental Airport ("IAH"), and other Houston area airports including Ellington and Hobby airports, and is and was responsible for adopting and implementing policies, procedures, rules and regulations pertaining to safe, efficient and secure operation of HAS. Said regulations, policies, procedures, rules and practices are the moving force behind the constitutional violations at issue herein.

4. Defendant may be served with process by serving the Assistant General Manager for Security for the Houston Airport System at City of Houston Legal Department, 900 Bagby, 4th Floor, Houston, Texas 77002. Plaintiff concurrently hereby files a request for the issuance of summons upon the City.

## III.
## JURISDICTION AND VENUE

5. This action is brought pursuant to 28 U.S.C. § 1331 (federal question), as it arises under the Constitution and laws of the United States, and pursuant to 28 U.S.C. § 1332 (diversity jurisdiction), as the matter in controversy far exceeds the sum or value of $75,000, and is between citizens of different states. This action also seeks redress for civil rights violations under 42

U.S.C. § 1983.

6. Plaintiff's claims for relief are predicated upon 42 U.S.C. § 1983, which authorizes actions to redress the deprivation, under color of state law, of rights, privileges and immunities secured to Plaintiff by the First, Fifth, and Fourteenth Amendments to the U.S. Constitution and laws of the United States.

7. Plaintiff's claim for attorneys' fees and costs is predicated upon 42 U.S.C. § 1988, which authorizes the award of attorneys' fees and costs to prevailing plaintiffs in actions brought pursuant to 42 U.S.C. § 1983.

8. Venue is proper under 28 U.S.C. § 1391(b), as Defendant resides within this judicial district, the HAS "Operating Instruction" authorizes an appeal to any civil court in Harris County, Texas, and the events giving rise to the claims asserted herein all occurred within this judicial district.

9. Plaintiff seeks declaratory and injunctive relief pursuant to 28 U.S.C. §§ 2201 and 2202, and Rules 57 and 65 of the Federal Rules of Civil Procedure as well as nominal and compensatory damages, against Defendant.

10. Plaintiff is informed, believes, and based thereon alleges that in engaging in the conduct alleged herein, Defendant acted with the intent to injure Plaintiff, and subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights with the intention of causing Plaintiff injury and depriving him of his constitutional rights, as well as harming Plaintiff's good name, reputation, honor, and/or integrity, and thus Plaintiff's right to engage in contract, seek employment as he chooses, and enjoy the orderly pursuit of happiness.

3

11.     As a result of the foregoing, Plaintiff seeks exemplary and punitive damages against Defendant.

## IV.
## FACTUAL BACKGROUND

12.     Plaintiff serves as an airline captain for a domestic United States scheduled air carrier who operates numerous flights into and out of the Houston area . On December 18, 2017, Plaintiff operated his aircraft into Houston Intercontinental Airport ("IAH") as he had on many previous occasions.

13.     On this flight, however, the crew noticed what is referred to as an "EICAS" Annunciation, indicating a potential fault being reported by the engine-indicating and crew-alerting system. Following arrival at the gate in Terminal A, Capt. Gyves spent 15 to 20 minutes discussing the situation with his airline maintenance in order to assure a timely departure to Baton Rouge, Louisiana in approximately two hours. As a result this delay, Plaintiff was unable to deplane the aircraft and enter the terminal along with the passengers.

14.     IAH is believed to be the only major airport in the country that has recently adopted a jetway system that results in airline crew being automatically locked in the jetway on a daily basis, as egress from the jetway is not permitted without possessing a HAS badge. Remarkably, passengers occasionally get trapped in the jetways as well.

15.     Flight crew members are only permitted to access the ramp area for so long as they stay within the "shadow" or "footprint" of the aircraft for pre-and post-flight purposes. There are no restrooms available in the ramp area, and attempting to access any unauthorized areas of the ramp would be a violation of TSA regulations.

16.     On December 18, 2017, the aircraft had been shut down as the next departure was not for approximately two hours, and the restrooms on the aircraft were not available either. As Plaintiff had been in the aircraft for approximately 4 to 5 hours at that time, he needed to depart the jetway to use the publicly available restrooms in Terminal A.

17.     Previous attempts to leave the jetways at Houston Intercontinental had resulted in delays ranging from 15 to 30 minutes when gate agents were not positioned outside of the jetway, who could grant access to the terminal. Plaintiff was in no biological position to wait that long, and departed the jetway through the use of a door release button, as no other alternatives were presented.

18.     Approximately one hour later, Plaintiff returned to the boarding area to be confronted by one angry and agitated Robert Losack, a representative of HAS, who was accompanied by several other airport personnel as well.

19.     Mr. Losack did not identify himself, but instead immediately confronted Plaintiff after directing him to come over through the use of a "finger hook", demanding to know if Plaintiff was responsible "for this", ostensibly referring to the door Plaintiff used to access the terminal area restrooms. Mr. Losack did not explain precisely what he meant by "this", he continued his interrogation of Plaintiff without fully explaining the situation he was allegedly inquiring about, nor did Mr. Losack explain to Capt. Gyves any obligation of cooperation that may have existed under Rule 41 of the Operating Instruction. Mr. Losack had already entered the aircraft parked at the gate in apparently endeavoring to figure out who had used the ingress button to access the terminal, and had interrogated the aircraft's First Officer, who had no knowledge of what Mr. Losack was speaking of.

20. Capt. Gyves, confronted with the angry, confrontational, and belligerent Robert Losack, and not knowing exactly Mr. Losack's capacity, including whether or not he was with law enforcement, attempted to inform Mr. Losack that he would only speak with him if he was accompanied by legal counsel.

21. Mr. Losack repeatedly cut Plaintiff off from speaking with him, and would not allow Plaintiff to complete his attempted sentences as he continued his angry interrogation. When Plaintiff inquired as to whether or not he was permitted to leave the area, Mr. Losack indicated that Plaintiff was permitted to leave and Capt. Gyves returned to his aircraft for the scheduled departure to Baton Rouge. Incredibly, the angry confrontation orchestrated by Mr. Losack took place in the boarding area in front of passengers waiting to board the flight to Baton Rouge, and it also had a negative impact on Capt. Gyves' ability to fully focus on the flight to Baton Rouge, although the flight was concluded without incident.

22. Weeks later, Mr. Losack issued to Plaintiff a Notice of Violation (an "NOV") alleging a violation of Rule 41, which sets forth an apparent duty to cooperate with respect to HAS "investigations" and/or other matters. Plaintiff had never heard of Rule 41 until receiving the NOV.

23. The case was tried before one Montecella Flaniken, an Adjudication Hearing Officer with the City of Houston Municipal Courts Department on February 20, 2018, who "sustained" the alleged violation of Rule 41. The hearing officer's decision is purportedly final and non-appealable as to the facts and sanctions imposed. (*See* Exhibit A, Decision of Hearing Officer dated February 20, 2018, which is attached hereto and incorporated herein by reference).

24. Incredibly, the punishment related to a violation, first-time or otherwise, of Rule 41, a level II offense, is permanent lifetime banning from conducting business at any HAS facility, which would lead to severe detriment to Plaintiff based upon his career aspirations as a professional airline pilot. (*See* Exhibit B, Operating Instruction, Tenant Violations—Offenses, Charging Instrument, Due Process Provisions, OI 05-03, which is attached hereto and incorporated herein by reference).

25. Defendant's failure to provide any opportunity to appeal the decision, violates Plaintiff's Fourteenth Amendment right to due process of law.

26. Plaintiff brings the following causes of action for the drastically and intolerably unconstitutional actions described herein.

## V.
## CLAIMS

### COUNT I— 42 U.S.C. § 1983

**Violation of the Due Process Clause of Fourteenth Amendment**

27. Plaintiff incorporates Paragraphs 1 through 26 hereinabove as if fully set forth herein at length.

28. The acts described above constitute violations of Plaintiff's rights under the Fourteenth Amendment of the United States Constitution.

29. Defendant acted under the color of state law in carrying out its unlawful actions.

30. Plaintiff has a constitutionally protected property interest in his ability to access HAS airports.

31. Plaintiff also has a constitutionally protected liberty interest in his professional reputation.

32. Plaintiff has a right under the Due Process Clause of the Fourteenth Amendment to receive notice and the opportunity to object and/or appeal Defendant's decision to sustain the charge in the Notice of Violation. A regulation must be sufficiently clear to warn a party regarding what is expected of them before they can be sanctioned for failure to comply with the required regulation.

33. The OI states in pertinent part:

> "There shall not be any hearing on any question of law, mitigation, probation or reduction of sanction. Any challenge as to questions of law shall be heard in a civil court of competent jurisdiction in Harris County, Texas."

See Exhibit "B" at 12, 14. Since Defendant's administrative action violated a constitutional right, Plaintiff is entitled to judicial review.

34. Defendant's policy and practice of imposing the sanction of permanent loss of access rights at all HAS airports without an opportunity for Plaintiff to appeal violates the Fourteenth Amendment's Due Process Clause.

35. The conduct of Defendant, as administered by its agent and representative Robert Losack, was objectively unreasonable and was undertaken intentionally with malice, willfulness, and reckless indifference to the rights of others, including Plaintiff.

36. Defendant knew or should have known that Plaintiff's rights to due process were clearly established.

37. Plaintiff's injuries and the violations of his constitutional rights were directly and proximately caused by the policies and practices of Defendant, which were the moving force behind such violations.

38. The acts described above have caused damages to Plaintiff, and if not enjoined, will continue to cause damage to Plaintiff, and others.

39. Plaintiff seeks declaratory and injunctive relief, and nominal, compensatory, and punitive damages against Defendant.

## COUNT II

### Violation of Excessive Fines Clause of Eighth Amendment

40. Plaintiff's permanent loss of access rights at all HAS airports based on Defendant's imposition of sanctions is an excessive punishment, based upon the opening of a single door when Plaintiff needed to use restroom facilities inside the terminal. A punitive forfeiture violates the Excessive Fines Clause if it is grossly disproportional to the gravity of a defendant's offense.

41. Considering the value of the forfeited interest in the property in relation to the gravity of the alleged offense, Plaintiff's forfeiture of his access rights at all HAS airports is a violation of not only the Excessive Fines Clause of the Eighth Amendment, but the Due Process Clause as well.

42. The Court should reverse the agency's decision in determining an appropriate penalty because it is based on an abuse of discretion.

## COUNT III

### Violation of Plaintiff's Fifth Amendment Rights

43. Plaintiff alleges and incorporates by reference the allegations in the paragraphs above.

44. The acts described above constitute violations of Plaintiff's rights under the Fifth Amendment of the United States Constitution.

45. Defendant's overtly hostile, harsh and coercive tactics in demanding cooperation from Plaintiff was unconstitutional, which included the singular act of declining to speak with Robert Losack without the benefit of being accompanied by legal counsel.

46. The acts described above have caused damages to Plaintiff, and if not enjoined, will continue to cause damage to Plaintiff.

## COUNT IV

### Violation of Equal Protection Clause of Fourteenth Amendment

47. Plaintiff alleges and incorporates by references the allegations in the paragraphs above.

48. The acts described above constitute violations of Plaintiff's rights under the Fourteenth Amendment of the United States Constitution.

49. Plaintiff is a member of an identifiable group of persons, namely individuals who are allowed access rights at HAS airports.

50. Because individuals who are allowed access rights are required to follow the various laws, ordinances, policies, procedures, rules and regulations pertaining to HAS, Plaintiff is similarly situated to the members of this group in all relevant aspects.

51. Defendant, acting under color of state law, has engaged in a pattern and practice of arbitrary, capricious, illegal and disparate treatment of Plaintiff, in violation of his right to equal

protection under the law, which right is secured by the Fourteenth Amendment of the U.S. Constitution.

## COUNT V

**Declaratory Judgment Under 28 U.S.C. §§ 2201-2202 that Rule 41 is invalid.**

52. Plaintiff alleges and incorporates by reference the allegations in the paragraphs above.

53. This claim is brought pursuant to 28 U.S.C. §§ 2201 and 2202, seeking a declaration of the rights and legal relations of the parties.

54. As described herein, there exists an actual and genuine controversy between Plaintiff and Defendant as it relates to Plaintiff's alleged violation of Rule 41.

55. Rule 41 is incomprehensible to an average person and it is not easy to ascertain what certain actions are allegedly prohibited. Rule 41 provides that:

> Failure or refusal to fully, completely, timely and truthfully cooperate—including appearing when and at the place designated, with an investigation, audit or proceeding by or instituted by or flowing from the acts of any Division of HAS. Misrepresentation or falsification, including but not limited to, intentionally or knowingly or recklessly leaving off any relevant information on any documents delivered to HAS.

See Exhibit "B" at 23.

56. The vague nature of Rule 41 renders the rule unconstitutional under the void for vagueness doctrine . It is a basic principle of due process that an enactment is void for vagueness if its prohibitions are not clearly defined. Laws must give the person of ordinary intelligence a reasonable opportunity to know what is prohibited, so that he may act accordingly. Vague laws may trap the innocent by not providing fair warning. If arbitrary and discriminatory enforcement is to be prevented, laws must provide explicit standards for those who apply them. Here, Rule

11

41 does not clearly define its prohibitions. As such, no fair warning is provided and the Rule is constitutionally impermissible and invalid.

57. Due process is violated and a law is invalid if persons of common intelligence are compelled to guess at a law's meaning and applicability. Moreover, it was Robert Losack who impermissibly tainted the interaction with Plaintiff to begin with by questioning Plaintiff in an overtly and inappropriately aggressive and demanding manner. Had Losack engaged in anything approximating reasonable behavior under the circumstances, any individual, including Plaintiff, might be more disposed to cooperate as opposed to being treated like a criminal.

58. Pursuant to 28 U.S.C. §§ 2201, Plaintiff requests and the Court may now declare the rights and other legal relations of the parties. The Court may grant further necessary or proper relief based on its declaratory judgment in this action pursuant to 28 U.S.C. § 2202.

## COUNT VI

**Declaratory Judgment Under 28 U.S.C. §§ 2201-2202 that Defendant exceeded its rule-making powers.**

59. Plaintiff alleges and incorporates by reference the allegations in the paragraphs above.

60. This claim is brought pursuant to 28 U.S.C. §§ 2201 and 2202, seeking a declaration of the rights and legal relations of the parties.

61. As described herein, there exists an actual and genuine controversy between Plaintiff and Defendant as it relates to Defendant's rule-making powers.

62. In deciding whether a particular administrative agency has exceeded its rule-making powers, the determinative factor is whether the rule's provisions are in harmony with the general

objectives of the act involved. The rule may not impose additional burdens, conditions, or restrictions in excess of the statutory provisions.

63. The purpose of the OI is "to provide a means of providing for due process to those charged." See Exhibit "B" at 1. However, Rule 41 is totally contrary to the purpose of the Operating Instruction and violates due process requirements as set forth in the Fourteenth Amendment. Based on the foregoing, the provisions set forth in Rule 41 are not in harmony with the general objectives of OI 05-03 and Defendant has exceeded its rule-making powers.

64. Pursuant to 28 U.S.C. §§ 2201, Plaintiff requests and the Court may now declare the rights and other legal relations of the parties. The Court may grant further necessary or proper relief based on its declaratory judgment in this action pursuant to 28 U.S.C. § 2202.

## COUNT VII

**Declaratory Judgment Under 28 U.S.C. §§ 2201-2202 that it is unconstitutional for Defendant to deem violations covered by OI 05-03 strict liability offenses.**

65. Plaintiff alleges and incorporates by reference the allegations in the paragraphs above.

66. This claim is brought pursuant to 28 U.S.C. §§ 2201 and 2202, seeking a declaration of the rights and legal relations of the parties.

67. As described herein, there exists an actual and genuine controversy between Plaintiff and Defendant as it relates to violations covered by OI 05-03 being deemed strict liability offenses.

68. OI 05-03 states, "All offenses covered by this O.I. are strict liability offenses, meaning that a certain state of mind, *mens rea,* is not an element of the offense, unless otherwise specifically stated." See Exhibit "B" at 7.

69. Generally, in civil law a strict liability offense is deemed as such because the defendant's act causes damage of some sort or the act the defendant is engaged in is inherently dangerous. To label all offenses covered by OI 05-03 as strict liability offenses would be to imply that all violations cause some sort of damage or that an alleged offender is engaged in inherently dangerous activities.

70. Imposing sanctions on individuals in violation of over fifty-four (54) rules listed in the OI without requiring any culpable mental state is a greater restriction than is essential to further the city's interests. A governmental entity's authority to regulate is not unfettered and the ordinance must fall within the bounds of the U.S. Constitution. Thus, non-compliance with an ordinance [or rule] does not automatically divest a person of his rights or relieve a government entity of the constitutional requirements to provide due process.

71. Pursuant to 28 U.S.C. §§ 2201, Plaintiff requests and the Court may now declare the rights and other legal relations of the parties. The Court may grant further necessary or proper relief based on its declaratory judgment in this action pursuant to 28 U.S.C. § 2202.

## VI.
## APPLICATION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

72. Plaintiff seeks a temporary restraining order and a preliminary injunction pursuant to Federal Rule of Civil Procedure 65. In particular, Plaintiff requests the Court to preliminarily enjoin and/or stay any and all activities of Defendant regarding Plaintiff's alleged violation of Rule 41 until this case is fully adjudicated.

73. The requirements for showing entitlement to a temporary restraining order and preliminary injunction under Federal Rule of Civil Procedure 65 are identical. To obtain a

temporary restraining order and a preliminary injunction, Plaintiff must show:

    A. there is a substantial likelihood that Plaintiff will prevail on the merits;

    B. there is a substantial threat that irreparable injury will result if the injunction is not granted;

    C. the threatened injury outweighs the threatened harm to the Defendants; and

    D. granting the preliminary injunction will not disserve the public interest.

    **A. There is a substantial likelihood that Plaintiff will prevail.**

74. For the reasons articulated in the Original Complaint, Plaintiff has demonstrated Defendant's gross and intolerable violations of his constitutional rights.

75. Plaintiff's right to seek relief in this Court due to Defendant's violation of his constitutional rights is expressly provided in the Texas Administrative Procedure Act. *See* Tex. Gov't Code § 2001.171.

    **B. There is a substantial likelihood that irreparable injury will result.**

76. As mentioned herein, Plaintiff has reasonable concerns about his ability to continuing working as a professional airline captain, and HAS' ban from flying in any HAS airports has already had a significant negative impact on Plaintiff's earning ability.

77. In addition to the foregoing, it is highly likely and reasonable that being banned from flying into HAS airports would have a significant negative impact on Plaintiff's employability, future employment opportunities, and related future earnings in an amount of up to $8 million

in lost compensation through Plaintiff's anticipated retirement.

### C. The threatened injury to Plaintiff outweighs any threatened harm to Defendant.

78. As stated above, Plaintiff has reasonable concerns about his employment as a result of the alleged violation and subsequent sanctions.

79. The threatened harm to Plaintiff outweighs any harm to Defendant from a temporary halt of the imposed sanctions pending a determination of whether Defendant violating Plaintiff's constitutional rights.

### D. A temporary restraining order and a preliminary injunction will not disserve the public interest.

80. A TRO and a preliminary injunction will not negatively affect the public interest, nor affect the public interest in any way.

81. Granting the preliminary injunction will restore the status quo of the parties until the rights and duties of the parties can be finally adjudicated.

## VI.
## DAMAGES

82. Defendant's actions caused injury to Plaintiff, which resulted in general damages, as well as the following damages and special damages: current lost earnings, and loss of future earning capacity.

## VII.
## ATTORNEYS' FEES

83. The preceding is incorporated by reference as if fully copied and set forth at length. As a result of the events giving rise to this complaint, Plaintiff has been required to retain the services of counsel to prosecute this action. Plaintiff additionally sues for reasonable attorneys' fees and legal expenses for the prosecution of this action to judgment and for any appeal therefrom.

## VIII.
## DEMAND FOR A JURY TRIAL

84. Plaintiff hereby demands a trial by jury on all issues so triable.

## IX.
## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff, Capt. Mark Gyves, respectfully requests:

a. That process be issued and Defendant be cited to appear and answer herein within the time required by law;

b. That the Court issue a Temporary Restraining Order ordering Defendant to immediately cease and desist any and all sanctions, including immediate temporary suspension and Plaintiff's permanent lifetime loss of access rights at all HAS airports;

c. A hearing on the Motion for Preliminary Injunction;

d. That the Court issue a Preliminary Injunction preventing Defendant from imposing and enforcing any and all sanctions, including immediate temporary suspension and Plaintiff's permanent lifetime loss of access rights at all HAS airports during the pendency of this appeal;

e. That the Court issue a permanent injunction enjoining Defendant from further deprivation of the constitutional rights of Plaintiff.

f. That the Court upon final hearing declare and find that the actions and policies of Defendant have violated the procedural and substantive due process rights of Plaintiff, which rights are guaranteed by at least the Fifth and Fourteenth Amendments to the U.S. Constitution. Furthermore, a finding that the Defendant's findings, inferences, conclusions, or decisions: [(1) violate] a constitutional or statutory provision; [(2) exceed] the agency's statutory authority; [(3) were] made through unlawful procedure; [(4) are] affected by other error of law; [(5) are] not reasonably supported by substantial evidence considering the reliable and probative evidence in the record as a whole; or [(6) are] arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

g. Compensatory damages in an amount to be proved at trial;

h. Judgment against Defendant for damages in an amount within the jurisdictional limits of this Court;

i. Judgment against Defendant for damages in an amount within the jurisdictional limits of this Court as special damages;

j. Judgment against Defendant for exemplary and enhanced damages to the maximum extent as permitted by law;

k. Prejudgment and post judgment interest as provided by law;

l. Court costs, including reasonable attorneys' fees, under 42 U.S.C. § 1988, and under other applicable law; and

All such other and further relief, general or special, at law or in equity, to which Plaintiff may be justly entitled.

Dated: March 21, 2018

Respectfully submitted,

**COATS & EVANS, P.C.**

By: __/s/ *Gary L. Evans*__
      Gary Linn Evans
      State Bar No. 00795338
      E-mail: evans@texasaviationlaw.com
      George Andrew Coats
      State Bar No. 00783846
      E-mail: coats@texasaviationlaw.com
      Post Office Box 130246
      The Woodlands, Texas 77393-0246
      (281) 367-7732 Telephone
      (281) 367-8003 Facsimile

**ATTORNEYS FOR PLAINTIFF**
**CAPT. MARK GYVES**

**VERIFICATION OF COMPLAINT**
**PURSUANT TO 28 U.S.C. § 1746**

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed on March 21, 2018.

_____
Mark Gyves