Case 4:18-cv-00891 Document 21 Filed in TXSD on 10/30/18 Page 1 of 12

United States District Court
Southern District of Texas
**ENTERED**
October 30, 2018
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MARK GYVES, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. H-18-0891 |
| § | |
| CITY OF HOUSTON, § | |
| § | |
| Defendant. § | |

### MEMORANDUM OPINION AND ORDER

Plaintiff Mark Gyves ("Plaintiff" or "Gyves") sued Defendant the City of Houston ("Defendant" or "the City") for alleged violations of his constitutional rights. Pending before the court is the City of Houston's Motion for Summary Judgment ("the City's MSJ") (Docket Entry No. 14). For the reasons stated below, the City of Houston's Motion for Summary Judgment will be granted.

### I. Factual Background[1]

Plaintiff's claims arise from an incident that occurred at Houston's George Bush Intercontinental Airport ("IAH"). IAH is managed by the Houston Airport System ("HAS"), and pilots who fly

---

[1] See Plaintiff's Verified Amended Complaint for Declaratory and Injunctive Relief and Application for Temporary Restraining Order and Preliminary Injunction ("Plaintiff's Amended Complaint"), Docket Entry No. 13, pp. 3-7; the City's MSJ, Docket Entry No. 14, pp. 5-7; Plaintiff's Response to Defendant's Motion for Summary Judgment ("Plaintiff's Response to the City's MSJ"), Docket Entry No. 18, pp. 3-7.

in and out of IAH are subject to HAS rules and regulations. Plaintiff is a commercial pilot who flies aircraft for Republic Airlines. On or about December 18, 2017, Plaintiff piloted an aircraft that landed at IAH. After the aircraft's arrival, and after the passengers and some crew members had deplaned, Plaintiff sought to exit the aircraft in order to reach the restrooms in the terminal. Plaintiff was unable to reach the terminal through the jetway because the entrance to the terminal had been sealed for security reasons. Instead, Plaintiff exited the jetway through a sealed emergency exit door by activating its emergency release (called the "blue pull station"), which was marked with the admonition "Life Safety Emergency Only." The blue pull station is located inside the jetway and allows for emergency entry into the terminal. United Airlines had posted written instructions on the jetway door advising crew members on what to do in the event of an emergency requiring exit from the jetway. The posted instructions did not direct crew members to activate the blue pull station.

When Plaintiff activated the blue pull station and used the emergency exit to enter the terminal, HAS Operations was notified of a potential security breach at the gate. HAS Operations personnel members, including Robert Losack ("Losack"), responded to the security breach and began to conduct an investigation.

When Plaintiff returned to the gate about an hour later, Losack confronted Plaintiff about the security breach. Plaintiff refused to cooperate with Losack's investigation or answer any

questions without the presence of counsel. About a month later, Plaintiff received a Notice of Violation ("NOV") from HAS stating that he had violated HAS Operating Instruction Rule 41. Rule 41 provides that it is a Class II violation to "[f]ail[] or refuse[] to fully, completely, timely and truthfully cooperate -- including appearing when and at the place designated, with an investigation, audit or a proceeding by or instituted by or flowing from the acts of any Division of HAS."[2] Class II violations require permanent loss of ID badges and access rights to all HAS airports.[3]

Plaintiff contested the NOV. On February 20, 2018, Plaintiff participated in a hearing on the NOV before an adjudication hearing officer with the Houston municipal court system.[4] Plaintiff was represented by counsel and given the opportunity to present evidence in response to the NOV. After hearing evidence presented by both sides, the adjudication hearing officer sustained the NOV and found that Plaintiff violated HAS Rule 41. Plaintiff's Amended Complaint alleges that in banning him from all Houston airports, HAS violated his constitutional rights under the Eighth and Fourteenth Amendments and that the City is liable for HAS's conduct

---

[2]See Operating Instruction: Tenant Violations - Offenses, Charging Instrument, Due Process Provisions, Exhibit B to Plaintiff's Amended Complaint, Docket Entry No. 13-2, p. 23.

[3]See id.

[4]See Municipal Court Hearing Ruling on NOV #10613, Exhibit A to Plaintiff's Amended Complaint, Docket Entry No. 13-1.

under United States Code § 1983. Plaintiff also seeks injunctive and declaratory relief.

## II. Standard of Review

Summary judgment is appropriate if the movant establishes that there is no genuine dispute about any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). Disputes about material facts are genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 106 S. Ct. 2505, 2510 (1986). The moving party is entitled to judgment as a matter of law if "the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." Celotex Corp. v. Catrett, 106 S. Ct. 2548, 2552 (1986).

A party moving for summary judgment "must 'demonstrate the absence of a genuine issue of material fact,' but need not negate the elements of the nonmovant's case." Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam) (quoting Celotex, 106 S. Ct. at 2553). "If the moving party fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response." Id. If the moving party meets this burden, Rule 56(c) requires the nonmovant to go beyond the pleadings and show by affidavits, depositions, answers to interrogatories, admissions on file, or other admissible evidence that specific

facts exist over which there is a genuine issue for trial. Id. The nonmovant "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp., 106 S. Ct. 1348, 1356 (1986).

In reviewing the evidence "the court must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." Reeves v. Sanderson Plumbing Products, Inc., 120 S. Ct. 2097, 2110 (2000). The court resolves factual controversies in favor of the nonmovant, "but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." Little, 37 F.3d at 1075.

### III. Analysis

To state a claim under § 1983 a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law. 42 U.S.C. § 1983. A local government entity (like a city) may be held liable under § 1983 for constitutional violations committed pursuant to a governmental policy or custom. Monell v. Department of Social Services of City of New York, 98 S. Ct. 2018, 2035-038 (1978). To impose liability on a municipality, the plaintiff must prove: (1) a violation of a recognized, constitutionally protected right,

resulting from (2) a municipal policy or custom, (3) created by an official policymaker, that (4) through deliberately indifferent implementation, (5) is the "moving force" of the alleged injury. Id. at 2037-038.

The City argues that it is entitled to summary judgment on Plaintiff's claims for three reasons: First, Plaintiff's substantive due process rights under the Fourteenth Amendment were not violated. Second, Plaintiff's right to be free from excessive fines under the Eighth Amendment was not violated. Third, regardless of whether Plaintiff's constitutional rights were violated, Plaintiff cannot hold the City liable under § 1983 because Plaintiff has failed to articulate a claim for municipal liability under Monell. Defendant also argues that Plaintiff has failed to meet the requirements for granting declaratory or injunctive relief.

A.  Fourteenth Amendment Substantive Due Process Claim

Plaintiff alleges that the City's conduct violated his right to substantive due process under the Fourteenth Amendment. "Substantive due process 'bars certain arbitrary, wrongful government actions regardless of the fairness of the procedures used to implement them.'" Hamilton v. Foti, 372 F. App'x 480, 485 (5th Cir. 2010). "'The touchstone of due process is protection of the individual against arbitrary action of government.'" County of Sacramento v. Lewis, 118 S. Ct. 1708, 1716 (1998) (citing Wolff v.

McDonnell, 94 S. Ct. 2963, 2976 (1974)). A plaintiff bringing a substantive due process claim has the burden of proving (1) that the defendant deprived him of a constitutionally protected right and (2) that the government action bears no rational relationship to a legitimate government interest. Cripps v. Louisiana Department of Agriculture and Forestry, 819 F.3d 221, 232 (5th Cir.), cert. denied, 137 S. Ct. 305 (2016). Plaintiff has not presented evidence sufficient to create a fact issue on either element.

Plaintiff's arguments fail to state a claim for a *substantive* due process violation. Plaintiff argues that in denying his access rights to all HAS airports, the City has infringed on his liberty interest in employment, which is protected by the Texas Constitution. "While property interests are protected by procedural due process even though the interest is derived from state law rather than the [United States] Constitution, substantive due process rights are created only by the [United States] Constitution." Regents of the University of Michigan v. Ewing, 106 S. Ct. 507, 515 (1985) (J. Powell, concurring) (internal citations omitted). The right to liberty under the Fourteenth Amendment is not unlimited -- "[t]here is no absolute freedom to do as one wills or to contract as one chooses. . . . Liberty implies the absence of arbitrary restraint, not immunity from reasonable regulations and prohibitions imposed in the interests of the community." West Coast Hotel Co. v. Parrish, 57 S. Ct. 578, 582 (1937) (internal quotations omitted).

In license suspension cases (like those cited by Plaintiff), because the continued possession of the license may "become essential to the pursuit of a livelihood," suspension of a license involves state action sufficient to trigger the protections of procedural due process. <u>Bell v. Burson</u>, 91 S. Ct. 1586, 1589 (1971). In Plaintiff's Response to the City's MSJ, Plaintiff complains that the City failed to give him a meaningful hearing, but Plaintiff failed to plead claims in his Amended Complaint to vindicate any violation of his right to procedural due process.[5]

Plaintiff fails to establish a substantive due process violation. His amended complaint fails to articulate a right protected by the United States Constitution that the City violated in denying his access to HAS airports. Violation of a state law property right does not necessarily give rise to a substantive due process claim. <u>Ewing</u>, 106 S. Ct. at 515 (J. Powell, concurring)

---

[5]The "Violation of the Due Process Clause of Fourteenth Amendment" count in Plaintiff's Original Complaint sounded in procedural due process, but Plaintiff's Amended Complaint eliminated references to Plaintiff's opportunity to be heard and to appeal. <u>Compare</u> Plaintiff's Original Verified Complaint for Declaratory and Injunctive Relief and Application for Temporary Restraining Order and Preliminary Injunction, Docket Entry No. 1, pp. 7-9, <u>with</u> Plaintiff's Amended Complaint, Docket Entry No. 13, pp. 7-8. Even if Plaintiff had alleged a procedural due process violation, there is no evidence that procedural due process was insufficient. <u>See</u> the City's MSJ, Docket Entry No. 14, pp. 6-7. Procedural due process requires notice and an opportunity to be heard after (or before) a property right is taken away. <u>Cleveland Board of Education v. Loudermill</u>, 105 S. Ct. 1497, 1495-496 (1985). Plaintiff was given notice and a hearing at which Plaintiff appeared with counsel before a neutral decision maker and was given the opportunity to present evidence to contest the violation. <u>See id.</u>

("Even if one assumes the existence of a property right, however, not every such right is entitled to the protection of substantive due process."). Plaintiff fails to cite to any right protected by the United States Constitution that was violated by the City in barring Plaintiff's access to HAS airports.

Plaintiff has also failed to present evidence sufficient to raise a genuine issue of material fact as to whether Rule 41 lacks a rational relationship to a legitimate government interest. Plaintiff's arguments that loss of access to HAS airports was not rationally related to HAS's goals in ensuring the safety and efficiency of HAS airports are conclusory and unpersuasive. The City has a significant interest in preventing pilots who violate airport safety rules from flying in and out of Houston's airports.

Plaintiff and Defendant agree that in analyzing a substantive due process claim courts are to ask "whether the behavior of the governmental officer is so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience." Cripps, 819 F.3d at 232. In Plaintiff's Response to the City's MSJ, he argues only that the City's conduct shocks the conscience because Plaintiff was denied his liberty and property rights. But Plaintiff does not point to any extreme or outrageous conduct by an officer of the City that caused a deprivation of any right guaranteed by the United States Constitution or to any conduct by an officer of the City that "shocks the conscience."

Due process prohibits laws so vague that a person of ordinary intelligence must necessarily guess as to their application. Okpalobi v. Foster, 190 F.3d 337, 357 (5th Cir. 1999). A provision is facially vague when "it is plagued with such hopeless indeterminacy that it precludes fair notice of the conduct it punishes." City of El Cenizo, Texas v. Texas, 890 F.3d 164, 190 (5th Cir. 2018) (citing Johnson v. United States, 135 S. Ct. 2551, 2556-58 (2015)) (internal quotations omitted). "A facially vague provision is so standardless that it invites arbitrary enforcement." Id. (internal quotations omitted). Plaintiff has not presented evidence to create a fact issue as to whether the word "investigation" as used in Rule 41 is vague under this "exacting standard."[6] See id.

Rule 41 required full, timely, complete, and truthful participation by crew members in an "investigation" by any division of HAS. Mr. Losack, a HAS personnel member, asked Plaintiff questions about the security breach at the gate. Plaintiff refused to answer Mr. Losack's questions. A person of common intelligence faced with Rule 41 would understand that failing to answer airport personnel's questions about a suspected security breach constitutes failure to cooperate with an investigation. The fact that Plaintiff was not aware of the rule (or its consequences) does not make Rule 41 unconstitutionally vague.

---

[6]See Plaintiff's Response to the City's MSJ, Docket Entry No. 18, p. 12.

For the reasons stated above, Plaintiff has failed to raise a fact issue as to whether the City violated his due process rights under the Fourteenth Amendment.

B.  **Eighth Amendment Excessive Fines Claim**

The Eighth Amendment provides that "excessive bail shall not be required, nor excessive fines imposed . . . ." U.S. Const. amend. VIII. The purpose of the Eighth Amendment is to limit the government's power to punish. Austin v. United States, 113 S. Ct. 2801, 2805 (1993). "The notion of punishment, as we commonly understand it, cuts across the division between the civil and the criminal law." United States v. Halper, 109 S. Ct. 1892, 1901 (1989). The Fifth Circuit has assumed without deciding that the Eighth Amendment applies to the states through the Fourteenth Amendment's Due Process Clause. Cripps, 819 F.3d at 234; Vanderbilt Mortgage and Finance, Inc. v. Flores, 692 F.3d 358, 374 (5th Cir. 2012). The Excessive Fines clause requires that fines imposed are neither grossly disproportional to the gravity of the offenses nor beyond those prescribed by statute. Cripps, 819 F.3d at 234-35.

The HAS rules provided that violations of Rule 41 are punished with a lifetime ban from HAS airports. Plaintiff's punishment was exactly the punishment mandated by the rules, and therefore did not go beyond what the rules authorize. Plaintiff has also failed to show that the ban from HAS airports is "grossly disproportional" to the gravity of the alleged offense. HAS is responsible for

ensuring that Houston's airports are safe and secure. To do this, HAS must be able to investigate security breaches quickly and efficiently. Plaintiff, in refusing to cooperate with an investigation, interfered with HAS's ability to ensure the safety of Houston airports. Although Plaintiff's punishment was punitive, it also served the remedial purpose of ensuring that Plaintiff will no longer interfere with HAS's airport safety objectives. Plaintiff has failed to raise a genuine dispute of material fact as to whether the City violated his Eighth Amendment right to be free from excessive fines.

## IV. Conclusion

For the reasons stated above, Plaintiff has failed to raise a genuine dispute of material fact as to whether the City violated his constitutional rights under either the Eighth or Fourteenth Amendment. Because Plaintiff has not shown that his constitutional rights were violated, his claims under § 1983 fail.[7] The City of Houston's Motion for Summary Judgment (Docket Entry No. 14) is therefore **GRANTED**.

**SIGNED** at Houston, Texas, on this 30th day of October, 2018.

SIM LAKE
UNITED STATES DISTRICT JUDGE

---

[7]Because Defendant is entitled to summary judgment on Plaintiff's constitutional claims under § 1983, Defendant is also entitled to summary judgment on Plaintiff's claims for injunctive and declaratory relief.